STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2001 OCT -5 P 1: 03

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-06-319

TDW- C U Y- 10 5 0 007

JAMES OUTRAM, et al.,

  Plaintiffs,

 v.             ORDER

ONEBEACON INSURANCE
GROUP LLC, et al.,

  Defendants.

Before the court is a motion by plaintiffs James and Cheryl Outram for partial summary judgment on Count I of their complaint.

The Outrams had a consolidated insurance policy providing both homeowners and automobile coverage. They are seeking a declaratory judgment that an endorsement to that policy providing umbrella coverage resulted in raising their uninsured and underinsured motorist (UM) coverage to the full amount of their umbrella coverage. It is not disputed that the Outrams had $500,000 in UM coverage as part of their automobile coverage. Since the endorsement added $1,000,000 in umbrella coverage, a ruling in the Outrams' favor would have the effect of raising their available UM coverage to $1.5 million.

Defendants OneBeacon Insurance Group LLC and York Insurance Company (collectively "OneBeacon") argue that the Outrams' umbrella coverage does not include UM coverage and that if it does, such coverage is limited to the statutory minimum coverage.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a

motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99, ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

Although the parties have offered various additional facts in an attempt to color the record in their favor, the court concludes that the motion can be resolved given certain basic facts that are undisputed and certain other basic facts considered in the light most favorable to OneBeacon. Specifically, those facts are:

1. At the time James Outram was injured in an automobile accident on June 22, 2004, he and his wife were insured with OneBeacon under a so-called "Custom-Pac" policy that provided them with homeowner coverage and automobile coverage in a single policy. Plaintiffs' Statement of Material Facts (Plaintiffs' SMF) ¶ 4 (admitted).

2. A copy of that policy as issued on July 1, 2003 (but including declaration pages reflecting the addition of "personal protection" (umbrella) coverage effective September 2, 2003) is contained in the record as Dep. Ex. OB-1. OneBeacon's Statement of Material Facts (OneBeacon SMF) ¶ 6.

3. The personal protection (umbrella) coverage that was added effective September 2, 2003 was in the form of an endorsement that appears in the record as Dep. Ex. OB-1B. Plaintiffs' SMF ¶ 21 (admitted).[1]

4. The personal protection endorsement provided excess insurance of $1,000,000 for auto liability. Plaintiffs' SMF ¶ 22 (admitted).

5. OneBeacon never obtained a rejection from the Outrams for UM coverage. *See* OneBeacon SMF ¶ 27.[2]

The parties have extensively and informatively briefed various aspects of the issue presented by the instant motion but in the court's view, the dispositive issue is whether the Custom-Pac policy with the personal protection umbrella endorsement constitutes a single policy subject to the requirements of 24-A M.R.S. §§ 2902(1) and (2).

Section 2902(1) of the Maine Insurance Code provides as follows:

> A policy insuring against liability arising out of the ownership, maintenance or use of any motor vehicle may not be delivered or issued for delivery in this State with respect to any such vehicle registered or principally garaged in this State, unless coverage is provided in the policy or supplemental to the policy for the protection of persons insured under the policy who are legally entitled to recover damages from owners or operators of uninsured, underinsured or hit-and-run motor vehicles, for bodily injury . . . sustained by an insured person resulting from the ownership, maintenance or use of such uninsured, underinsured or hit-and-run motor vehicle.

Section 2092(2) further provides that

> [w]ith respect to motor vehicle insurance policies subject to the Maine Automobile Insurance Cancellation Control Act

---

[1] This endorsement contains language disclaiming UM coverage. Plaintiffs dispute this language was effective because no endorsement containing this language was provided to the Outrams. For purposes of this motion, the court will assume that the language in Dep. Ex. OB-1B was the operative language.

[2] OneBeacon argues that the Outrams never requested UM coverage as part of their umbrella coverage – an issue that is disputed, *see* OneBeacon SMF ¶¶ 23, 44; Plaintiffs' Reply SMF ¶ 44. OneBeacon acknowledges, however, that the Outrams never expressly rejected such coverage.

3

[24-A M.R.S. § 2911 *et seq.*] . . ., the amount of coverage to be so provided may not be less than the amount of coverage for liability for bodily injury or death in the policy offered or sold to a purchaser unless the purchaser expressly rejects such an amount . . .. A rejection of equal coverage by the purchaser under this subsection must be in writing on a form provided by the insurer . . .

OneBeacon argues that umbrella policies are not subject to 24-A M.R.S. § 2902(1). While this may be true,[3] the umbrella coverage in this case was not the subject of a separate policy but was an endorsement to a policy which was otherwise subject to § 2902(1). Accordingly, the court concludes that applying the plain meaning of the statute, the Custom-Pac policy, including the personal protection endorsement, is subject to the statutory requirement of UM coverage contained in § 2902(1). In reaching this result, the court is mindful of the principle that an endorsement to an insurance policy is part of the policy, and the policy and the endorsement are considered an integrated whole. 4 Holmes, *Appleman on Insurance 2d* § 20.1 (1998).

The remaining question is whether the Custom-Pac policy is also a policy subject to the Maine Automobile Insurance Cancellation Control Act (MAICCA). If so, then under § 2902(2) the amount of UM coverage must equal the total amount of automobile liability coverage. OneBeacon concedes that the automobile coverage portion of the Custom-Pac policy does fall within MAICCA but argues that the homeowner and umbrella coverage portions of the policy do not fall within that statute. The problem with this argument is that the relevant statutes, 24-A M.R.S. §§ 2902(2) and 2912, do not

---

[3] Although this is contested by the Outrams, OneBeacon appears to have the better of this argument. *See Iszard v. American Automobile Insurance Co.*, 607 A.2d 531, 532-33 (Me. 1992) (applying Connecticut law); *Stoumen v. Public Service Mutual Insurance Co.*, 834 F. Supp. 140, 142-43 (E.D. Pa. 1993) (discussing majority rule that umbrella policies are not subject to statutory requirements of UM coverage), *aff'd mem.*, 30 F.3d 1488 (3d Cir. 1994); *United States Automobile Assn v. Wilkinson*, 569 A.2d 749 (N.H. 1989); *but see United National Insurance Co. v. Deprizio*, 705 N.E.2d 455 (Ind. 1999). If the umbrella coverage were in a separate policy, the court would rule that the umbrella policy would not constitute a policy "with respect to [a] vehicle registered or principally covered in this State" within the meaning of 24-A M.R.S. § 2902(1).

4

speak in terms of "coverages" but in terms of "policies." Under the plain words of the statute, therefore, the Custom-Pac policy is subject to the requirement in § 2902(2) that the UM coverage "may not be less than the amount of coverage for liability for bodily injury or death in the policy" – i.e., $1,500,000. This is true unless the purchaser "expressly rejects such an amount," *id.*, which the Outrams did not do in this case.

Finally, this statutory requirement controls even where there is language in the policy disclaiming UM coverage. *See Butterfield v. Norfolk & Dedham Mutual Fire Insurance Co.*, 2004 ME 124 ¶¶ 2, 17, 860 A.2d 861, 862, 866. As a result, even accepting for purposes of argument that language disclaiming UM coverage was included in the umbrella endorsement at the time of the accident, the plain language of 24-A M.R.S. §§ 2902(1) and (2) requires that the total UM coverage available equals $1.5 million.

OneBeacon argues with some force that it could have avoided this result by offering a separate policy with umbrella coverage and that limiting UM coverage to $500,000 would still meet the statutory objective of providing UM coverage considerably above the minimum required. However, the court does not have the ability to rewrite the statute or the policy to put OneBeacon in the position it would have occupied if it had issued separate policies, even if the statutory purpose would still be adequately met.

The entry shall be:

Plaintiffs' motion for partial summary judgment is granted. On Count I of the complaint, the court issues a declaratory judgment that adding the personal protection endorsement to plaintiffs' Custom-Pac policy increased plaintiffs' UM policy limit to $1,500,000.

The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

5

DATED:     October  5 , 2007

_____
Thomas D. Warren
Justice, Superior Court

TD Banknorth

LOUISE THOMAS ESQ
ONE MONUMENT SQUARE
PORTLAND ME 04101

JAMES POLIQUIN ESQ
PO BOX 4600
PORTLAND ME 04112

One Beacon Ins
York Ins Co MML

PHILIP JOHNSON ESQ
PO BOX 79
AUGUSTA ME 04332

plaintiffs

STATE OF MAINE
CUMBERLAND, ss.



SUPERIOUR COURT
CIVIL ACTION
Docket No. CV-06-319

JAMES OUTRAM, et al.,

    Plaintiffs,

v.

                                        ORDER

ONEBEACON INSURANCE
GROUP LLC, et al.,

    Defendants.

Before the court is a motion by defendants OneBeacon Insurance Group LLC and York Insurance Company of Maine (collectively, "OneBeacon") for partial summary judgment against plaintiffs James and Cheryl Outram on Counts II, IV, V, VI, and VII of the second amended complaint.

The court has previously granted summary judgment to plaintiffs on Count I of the complaint. *See* order dated October 5, 2007. Based on that ruling, OneBeacon argues that Counts II and V should be dismissed as moot. The Outrams do not disagree that those counts have been rendered unnecessary by the court's ruling in their favor on Count I but argue that Counts II and V should be stayed rather than dismissed as moot because they would seek to proceed on those counts if the court's decision on Count I was overturned on appeal. *See* Plaintiffs' Memorandum in Opposition to Motion for Partial Summary Judgment, dated April 16, 2008, at 1, 12. The court agrees with OneBeacon that Counts II and V should be dismissed as moot at this time.[1]

---

[1] The problem with Outrams' argument that these claims should be stayed pending appeal is that – because of the final judgment rule – the case cannot be appealed while any claims remain pending. Moreover, if the Law Court were to overturn the court's ruling on Count I, then Counts II and V would no longer be moot and the Outrams would be entitled to revive those counts.

The remaining counts at issue on this motion are Counts IV (misrepresentation), VI (unfair claims practices), and VII (punitive damages). The two remaining claims in the second amended complaint against OneBeacon – Count III (breach of contract) and Count XIV (unfair trade practices) – are unaffected by this motion.[2]

1.   Summary Judgment

As previously noted in the court's October 5, 2007 order, summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements.  *E.g., Johnson v. McNeil*, 2002 ME 99 ¶ 8, 800 A.2d 702, 704.  The facts must be considered in the light most favorable to the non-moving party.  Id.  Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant.  Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

In this case plaintiffs James and Cheryl Outram argue that the motion for summary judgment should be denied because OneBeacon did not submit any new statement of material facts with its motion but instead relied upon the statement of material facts it had previously submitted in opposition to the Outrams' initial motion for summary judgment.  However, there is nothing in Rule 56 that forbids a party from relying on a statement of material fact that has previously been submitted.  The court agrees with the Outrams that the procedure followed by OneBeacon has not been

---

[2] Although TD Banknorth Insurance Agency Inc. was originally named as a defendant, the claims against it have been dismissed without prejudice pursuant to stipulation and order filed January 17, 2008.

2

particularly helpful and that the filing of a new statement of material facts addressed to the specific issues presented in the motion would have been preferable, but it cannot deny OneBeacon's motion on that ground.

2.     Unfair Claims Settlement Practices (Count VI)

The submissions of the parties have primarily focused on Count VI of the second amended complaint, the Unfair Claims Settlement Practices claim. OneBeacon argues that in order to pursue a cause of action for unfair claims settlement practices under 24-A M.R.S. § 2436-A, there must be something more than a mere dispute between the insurer and insured as to the meaning of certain policy language. *See Curtis v. Allstate Insurance Co.*, 2002 ME 9 ¶ 24, 787 A.2d 760, 767. OneBeacon further argues that although its position was not adopted by this court in its October 5, 2007 order, its position was not "unreasonable" and therefore its conduct could not have constituted an unfair claims settlement practice under *Curtis*. *See* 2002 ME 99 ¶ 15, 787 A.2d at 765.

The problem with OneBeacon's argument is that whether an insured can proceed to trial on a claim under 24-A M.R.S. § 2436-A does not depend solely on whether the insurer's interpretation of the relevant statutes and policy language is found – after the fact – to have been objectively unreasonable. The viability of an unfair claims settlement cause of action also depends on the state of the insurer's knowledge – whether the insurer "knew the policy said and meant one thing but told the insured something else." *Curtis*, 2002 ME 99 ¶ 24, 787 A.2d at 767.

In this case the Outrams have presented sufficient evidence to raise a disputed issue of fact as to whether OneBeacon knew that its position on the extent of the Outrams' UM coverage was untenable and therefore knowingly misrepresented the extent of that coverage. 24-A M.R.S. § 2436-A(1)(A). This is sufficient to allow the

3

unfair claims settlement practice count to proceed to trial. *See Saucier v. Allstate Insurance Co.,* 1999 ME 197 ¶¶ 20-21, 742 A.2d 482, 489.[3]

OneBeacon's motion for summary judgment is denied as to Count VI.

3.    Misrepresentation

Count IV of the Outrams' second amended complaint asserts a tort claim for misrepresentation. Specifically, the Outrams allege that prior to James Outram's accident OneBeacon represented to the Outrams that they had a total of $1,500,000 in UM coverage. Second Amended Complaint ¶ 32. They further allege that they relied upon that representation and took no action to secure equivalent coverage. *Id.* ¶ 33.

The problem with this cause of action is that – assuming OneBeacon sent various documents to the Outrams that had the effect of representing that they had $1,500,000 in UM coverage – the court has now ruled that such a representation was not false because the Outrams in fact have $1,500,000 in UM coverage. Accordingly, the court concludes that Count IV should be dismissed without prejudice to reinstatement if the court's October 5, 2007 order were to be reversed.

4.    Punitive Damages

In Count VII of the complaint, the Outrams seek punitive damages. Punitive damages are not available on contract claims, *see, e.g., Drinkwater v. Patten Realty Corp.,* 563 A.2d 772, 777 (Me. 1989), and the Outrams' only tort claim has been dismissed. The remaining question is whether, as a matter of law, punitive damages are available on

---

[3]    The court therefore need not determine whether, regardless of the state of its knowledge or its belief as to the merits of its position, OneBeacon's position was objectively reasonable.

4

the Outrams' statutory claim for Unfair Claims Settlement Practices pursuant to 24-A M.R.S. § 2436-A.[4]

On this issue the court will follow the prior Superior Court decisions that have analyzed the issue and concluded that punitive damages are not available on statutory claims for unfair claims settlement practices. *Grich v. Anthem Health Plans of Maine Inc.,* CV-06-529, 2007 Me. Super. LEXIS 101, *3 - *9; (Superior Ct. Cumberland County, order dated May 18, 2007) (Crowley, J.); *Anderson v. Cigna Healthcare of Maine,* CV-04-685, 2005 Me. Super. LEXIS 139, *11 - *12 (Superior Ct. Cumberland County, order dated October 27, 2005) (Cole, J.). Finding that punitive damages are unavailable as a matter of law, the court need not consider whether there would be disputed issues for trial as to the availability of such damages.

The entry shall be:

Defendant's motion for partial summary judgment is granted dismissing Counts II and V as moot in light of the court's October 5, 2007 order. This dismissal is without prejudice to reinstatement of those counts if the October 5, 2007 order is reversed. Count IV is also dismissed subject to reinstatement if it is determined that OneBeacon's policy provides only $500,000 in UM coverage. Defendant's motion for summary judgment is granted dismissing Count VII. Defendant's motion for summary judgment is denied as to Count VI and that count, along with Counts II and XIV, remains for trial.

The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

---

[4] The Outrams do not argue that punitive damages are available under their Unfair Trade Practices Act claim, and the wording of 5 M.R.S. § 213 would appear to foreclose such damages.

DATED:     October __/__, 2008


_____
Thomas D. Warren
Justice, Superior Court

6

F COURTS
and County
3ox 287
ine 04112-0287

PHILIP JOHNSON ESQ
PO BOX 79
AUGUSTA ME 04332

*Plaintiff*

)F COURTS
and County
Box 287
iine 04112-0287

JAMES POLIQUIN ESQ
PO BOX 4600
PORTLAND ME 04112

*Defendant*